```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                Case No. 8:13-cr-462-T-33TBM

ERIC THOMAS
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Eric Thomas's Renewed Motion for Judgment of Acquittal and, in the alternative, Motion for New Trial (Doc. # 110), filed on June 24, 2014. The Government filed a Response in Opposition to the Motion on June 26, 2014. (Doc. # 111). For the reasons that follow, the Motion is denied.

**I.  Background**

On September 25, 2013, a grand jury returned a one count indictment charging that Defendant:

> did knowingly access with the intent to view at least one visual depiction of a minor engaging in sexually explicit conduct the production of which involved and which did contain the visual depiction of a minor engaging in sexually explicit conduct that had been shipped and transported in interstate and foreign commerce by computer and was produced using materials which had been so shipped and transported in interstate and foreign commerce, by any means including by computer, and the production of such depiction involved the use of a minor engaging in sexually explicit conduct.

(Doc. # 1). The indictment also contained a forfeiture count.

A jury trial was conducted during the week of June 9, 2014. (Doc. ## 94, 97, 102, 103). On June 11, 2014, Defendant moved for acquittal (Doc. # 98), which this Court denied (Doc. # 99). The jury found Defendant guilty as to Count One of the indictment. (Doc. # 107). The Court set Defendant's sentencing for September 18, 2014. (Doc. # 108).

By the present Motion, Defendant seeks a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and, in the alternative, a new trial pursuant to Federal Rule of Criminal Procedure 33. (See Doc. # 110). Furthermore, Defendant renews his motion to suppress evidence (Doc. # 14), filed on November 13, 2013. (Doc. # 110 at 4).

**II. Legal Standard**

**A. Rule 29 Motion for Judgment of Acquittal**

A motion for acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'" United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (11th Cir. 2005) (quoting United States v. Miranda, 425 F.3d 953, 963

2

(11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998) (citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

**B. Rule 33 Motion for a New Trial**

A new trial pursuant to Federal Rule of Criminal Procedure 33 may be granted in the interests of justice or on the basis of newly discovered evidence. United States v. Ramos, 179 F.3d 1333, 1336 (11th Cir. 1999). A new trial may be granted in the interests of justice if the motion is filed "within 14 days after verdict or finding of guilty." In this case, the Motion was timely filed. Defendant has not asserted that the discovery of new evidence warrants a new trial. Accordingly, the Court will assess whether a new trial is warranted in the interests of justice.

A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). "If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of

3

justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. (internal quotation marks omitted). The court may follow this course even if the evidence is legally sufficient to sustain the verdict. Id. However, the Eleventh Circuit has admonished that "[a] motion for new trial must be viewed with 'great caution.'" United States v. Reed, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988)).

### III. Analysis

#### A. Rule 29 Motion for Judgment of Acquittal

Defendant contends that sufficient reasonable doubt exists in this case, and therefore, no reasonable jury could find that the Government met its burden and proved the case beyond a reasonable doubt. (Doc. # 110 at 4). Defendant provides that at trial the Government's experts opined that the forensic evidence relating to the relevant computer reflected the Defendant's knowing access to images of child pornography with the intent to view them. (Id. at 3). However, in contrast, Defendant argues that his expert opined that his forensic evaluation of the same computer revealed "an executable program located in a 'Temp' folder on the computer," which contained random letters and numbers for a

4

filename. (Id.). According to the expert, "this is a hallmark of Malware." (Id.).

Moreover, Defendant provides that his expert "observed URLs embedded in the contents of the executable program that were similar to those containing child pornography in this case," including "slimtrade.com," and the expert testified that the "Malware Bytes" program currently identifies "slimtrade.com" as malicious. (Id.). In addition to his expert's testimony, Defendant contends that evidence at trial revealed that the McAfee virus software installed on the relevant computer detected an "artemis" virus, but was unable to neutralize it; an "artemis" URL appeared in conjunction with the July 20, 2012, URLs associated with child pornography. (Id. at 4). Accordingly, Defendant asserts that ample doubt exists in this case for a jury to find that the Government proved its case beyond a reasonable doubt.

"The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." Leonard, 138 F.3d at 908 (citing Bush, 28 F.3d at 1087).

In its response, the Government submits that "Defendant's guilt was unquestionably established beyond a

5

reasonable doubt." (Doc. # 111 at 4). Specifically, "[t]here was overwhelming evidence that Defendant knowingly accessed with the intent to view these child pornography images." (Id.).

> As proven at trial, [D]efendant's access and viewing of child pornography was discovered by his then-wife Caroline Thomas. When Ms. Thomas returned to the Thomas residence the night of July 20, 2012, she observed [D]efendant at the HP computer. He quickly turned off the computer, acted strangely, and appeared very nervous. The next morning, Ms. Thomas restored [D]efendant's Internet browsing history and observed multiple computer tabs with prepubescent females in various states of undress, including at least one image of child pornography. Ms. Thomas called Largo Police and their investigation revealed that [D]efendant had accessed child pornography the previous night as well as on at least two prior dates. . . .

(Id. at 4-5).

Furthermore, the Government argues that although Defendant points to an "artemis" virus and Malware as potential explanations for the child pornography (Doc. # 110 at 2-3), the evidence and expert testimony presented at trial established that the child pornography was on Defendant's computer due to Defendant's own actions. (Doc. # 111 at 5).

In this case, the Government satisfied its burden with respect to Defendant, and the jury determined that Defendant

6

was guilty beyond a reasonable doubt. This Court has considered the evidence in the light most favorable to the Government and determined that it is sufficient to allow a jury to find guilt beyond a reasonable doubt. Therefore, the Court finds that a judgment of acquittal is not warranted under the circumstances.

**B.  Rule 33 Motion for a New Trial**

Defendant contends that he is entitled to a new trial pursuant to Federal Rule Criminal Procedure 33. Specifically, Defendant states that by weighing the evidence and considering the credibility of the witnesses, this Court "may find that the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." (Doc. # 110 at 4).

On a Rule 33 motion for a new trial based on the weight of the evidence, "the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." United States v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005) (internal quotations and citations omitted). However, "the court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Martinez, 763 F.2d at 1312. For the court to set aside a

7

verdict based on the weight of the evidence, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id. at 1313. The Eleventh Circuit has noted, however, that "motions for new trial based on the weight of the evidence are not favored and are granted sparingly and with caution only in exceptional cases." United States v. Green, No. 07-14593, 2008 U.S. App. LEXIS 9789, at *5 (11th Cir. 2008) (internal quotations and citations omitted).

The Court heard all the evidence at trial and determines that the evidence does not preponderate against the jury's verdict such that it would be a miscarriage of justice to let the verdict stand. The Court has evaluated all of Defendant's arguments and declines to grant a new trial based on the weight of the evidence in this case.

**C. Renewed Motion to Suppress Evidence**

On November 13, 2013, Defendant filed a motion to suppress evidence (Doc. # 14), and Magistrate Judge Thomas B. McCoun III conducted several hearings regarding the motion (Doc. ## 38, 41, 55, 59). On February 14, 2014, Judge McCoun entered a Report and Recommendation in which he recommended that Defendant's motion to suppress evidence be denied. (Doc. # 61). Defendant filed an objection to the Report and

8

Recommendation (Doc. # 62) on March 2, 2014, to which the Government responded (Doc. # 65) on March 13, 2014. Upon due consideration, the Court overruled Defendant's objection and adopted the Report and Recommendation on March 14, 2014. (Doc. # 66).

Defendant now renews his motion to suppress evidence and contends that "he is entitled to a new trial without the benefit to the [G]overnment of the evidence searched and seized by law enforcement prior to the indictment." (Doc. # 110 at 4). However, Defendant has failed to provide any reason – factual or legal – as to why this Court should allow Defendant to renew his motion to suppress evidence.

In its March 14, 2014, Order, this Court conducted an independent examination of the file, and upon due consideration, found it proper, as it does today, to adopt the Report and Recommendation and deny Defendant's motion to suppress evidence. As Defendant has not provided this Court with a basis as to why it should disturb its previous ruling, this Court denies Defendant's request.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Eric Thomas's Renewed Motion for Judgment of Acquittal and, in the alternative, Motion for New Trial (Doc. # 110) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of July, 2014.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record